# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHARON NIXON-CRENSHAW, Derivatively on Behalf of DYCOM INDUSTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN C. COLEY, DWIGHT B. DUKE, EITAN GERTEL, ANDERS GUSTAFSSON, PATRICIA L. HIGGINS, STEVEN E. NIELSON, PETER T. PRUITT, JR., RICHARD K. SYKES, LAURIE J. THOMSEN, and CHARLES B. COE, <br><br> Defendants, <br><br> and <br><br> DYCOM INDUSTRIES, INC., <br><br> Nominal Defendant. | Case No. 1:18-cv-25289-AHS |
| TERRY WHITE and CHRIS PERKINS, Derivatively on Behalf of Nominal Defendant DYCOM INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN E. NIELSEN, H. ANDREW DEFERRARI, DWIGHT B. DUKE, EITAN GERTEL, ANDERS GUSTAFSSON, PATRICIA L. HIGGINS, RICHARD K. SYKES, LAURIE J. THOMSEN, CHARLES B. COE, and STEPHEN C. COLEY, <br><br> Defendants, <br><br> and <br><br> DYCOM INDUSTRIES, INC., <br><br> Nominal Defendant. | Case No. 1:20-cv-21952-AHS |

**UNOPPOSED MOTION TO LIFT STAY ON *NIXON-CRENSHAW* ACTION
AND FOR CONSOLIDATION OF RELATED ACTIONS**

**I.      INTRODUCTION**

Plaintiffs Sharon Nixon-Crenshaw, Terry White, and Chris Perkins (collectively, "Plaintiffs") respectfully submit this Memorandum of Law in support of their motion for: consolidation of the above-captioned actions (the "Related Actions"). Consolidation is appropriate because the Related Actions arise out of the same alleged breaches of fiduciary duty and involve common issues of law. Consolidation will streamline the proceedings and save judicial resources.

**II.     STATEMENT OF FACTS**

The Related Actions action allege that the officers and directors Dycom Industries, Inc. ("Dycom" or the "Company") issued misleading statements regarding the margin pressure and absorption issues that Dycom faced in connection with certain of its large-scale projects.

Dycom provides specialty contracting services, including construction and maintenance services, for telecommunications providers and electric and gas utilities. ¶ 25.[1] In November 2017, the Company provided positive financial results for first quarter 2018 and stated that, despite normal timing volatility, there was not "anything unusual" affecting its large projects. ¶¶ 26-29.

The Related Actions allege that the truth began to emerge on May 22, 2018, when Dycom announced disappointing financial results and lowered its fiscal 2019 guidance, reporting margin pressure due to "under-absorption of labor and field costs" as well as uncertainties with permitting for large projects. ¶¶ 36-37. On this news, the Company's stock price fell $23.56 per share, or over 20%, to close at $92.64 per share on May 22, 2018. ¶ 38. Then, on August 13, 2018, Dycom announced preliminary revenue for second quarter 2019, which fell below previous guidance due

---

[1] Unless otherwise stated, citations to "¶ __" refer to paragraphs of the complaint in *Nixon-Crenshaw v. Coley, et al.*, Case No. 1:18-cv-25289-AHS.

to "customer timing and tactical considerations" in connection with large scale deployments. ¶¶ 40-41.  On this news, the Company's stock price fell $21.62, or over 24%, to close at $68.09 per share on August 13, 2018.  ¶ 43.

### III.   PROCEDURAL HISTORY

On December 17, 2018, Plaintiff Sharon Nixon-Crenshaw filed her complaint entitled *Sharon Nixon-Crenshaw v. Cooley, et al.*, Case No. 1:18-cv-25289-AHS (the "*Nixon-Crenshaw* action"), alleging that certain of Dycom's officers and directors breached their fiduciary duties owed to the Company, committed waste, and violated Sections 10(b) and 14 of the Securities Exchange Act of 1934 in connection with the materially misleading statements.  After Plaintiff met and conferred with Defendants, and filed an unopposed motion to stay, (Dkt. No. 20), Judge Rosenberg entered an Order staying the action with leave for either party to move to lift the stay.  Dkt. No. 21.

On April 14, 2020, U.S. District Judge Raag Singhal issued an order denying dismissal of claims in the securities class action pending in this District, captioned *Tung v. Dycom Industries, Inc., et al.*, Case No. 9:18-cv-81448 (the "Securities Class Action").

On May 8, 2020, Plaintiffs Terry White and Chris Perkins filed their complaint alleging that certain of Dycom's officers and directors breached their fiduciary duties owed to the Company, were unjustly enriched, and violated Sections 10(b) and 14 of the Securities Exchange Act of 1934 in connection with the materially misleading statements.  *See White v. Nielsen, et al.*, Case No. 1:20-cv-21952-RS, Dkt. No. 1 ("*White* Compl."), ¶ 8 (the "*White* action").

On May 28, 2020, the *Nixon-Crenshaw* action was transferred to the Honorable Raag Singhal

On June 5, 2020, the *White* action was transferred to the Honorable Raag Singhal.

Accordingly, Plaintiff Nixon-Crenshaw hereby moves to lift the stay of her action as per Judge Rosenberg's prior Order, Dkt. No. 21 and once the stay is lifted, to consolidate the *Nixon-Crenshaw* action with the *White* action. The parties have met and conferred and Defendants do not oppose consolidation of the *Nixon-Crenshaw* and *White* actions. The parties agree that nothing in this Unopposed Motion shall be construed as a waiver of any party's rights or positions in law or in equity, or as a waiver of any defenses or claims that any party would otherwise have, including Defendants' right to seek a stay of the consolidated action on other grounds.

## IV.     ARGUMENT

### A.     The Court Should Consolidate The Related Actions

The Court may consolidate actions if they involve common questions of law or fact. Fed. R. Civ. P. 42(a). The power to consolidate related actions falls within the Court's broad authority "to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When two causes of action involve common witnesses, identical evidence, and similar issues, judicial economy will generally favor consolidation. *See e.g., Millman v. Brinkley,* 2004 U.S. Dist. LEXIS 20113, *5-6 (N.D. Ga. Oct. 1, 2004); *Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) ("Differences in claims [or] defendants . . . do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

"Consolidation of similar shareholder derivative actions can be particularly beneficial to courts and parties by expediting pretrial proceedings, avoiding needless duplication, and minimizing expenditure of time, effort, and money." *Nally v. Reichental*, 2017 WL 1135122, at *2 (D.S.C. Mar. 27, 2017) (citing *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958)). Courts

routinely consolidate shareholder derivative actions. *E.g.*, *Heed v. Miller*, 2018 WL 1532955, at *2 (E.D. Pa. Mar. 28, 2018) (consolidating four shareholder derivative actions); *Millman v. Brinckley*, 2004 U.S. LEXIS 20113 at *2 (consolidating three shareholder derivative actions).

Here, the Related Actions each allege breaches of fiduciary duty arising out of the same conduct: the misleading statements regarding the margin pressure and permitting issues with large scale projects. Plaintiffs further allege claims of unjust enrichment, waste, and violations of Section 14 of the Securities Exchange Act of 1934—all of which arise from the same misconduct as the breaches of fiduciary duty. Thus, the Related Actions each raise substantially similar legal questions, including whether defendants breached their fiduciary duties to Dycom, and would involve essentially the same motion practice, discovery, witnesses, documentary evidence, and trial considerations. *See KBC Asset Mgmt. NV v. McNamara*, 78 F. Supp. 3d 599, 602-03 (D. Del. 2015) (consolidating two derivative actions alleging "common (though not identical) facts" against "nearly identical" defendants). Accordingly, consolidation of the *White* action with the first-filed *Nixon-Crenshaw* action is appropriate.

### B. The Parties Will Meet and Confer Within 30 Days Regarding Plaintiffs' Filing of a Consolidated Complaint.

Once the Related Actions are consolidated, undersigned counsel for the Plaintiffs anticipates filing a consolidated complaint in order to streamline the proceedings. Counsel for all parties have agreed to meet and confer within 30 days of any Order granting consolidation regarding the schedule for the filing of a consolidated complaint and of defendants' responses or motions to dismiss. Counsel for the Plaintiffs have further agreed that any defendant who has been properly served, has agreed to accept service, or who is served in the future, need only respond, plead, move, or answer to the operative consolidated complaint.

## V. CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order lifting the stay in the *Nixon-Crenshaw* action and then consolidating the Related Actions.

Dated: June 11, 2020     Respectfully submitted,

**LAW OFFICES OF SCOTT EGLESTON, P.A.**

By: */s/ Scott D. Egleston*
Scott D. Egleston
152 N.E. 167th Street, Suite 300
Miami, Florida 33162
Telephone: (305) 892-8088
Facsimile: (305) 675-3730
Email: scott@eglestonlegal.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M Egleston
440 Park Avenue South, 5th Floor
New York, New York 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Counsel for Plaintiff Sharon Nixon-Crenshaw*

**GLANCY PRONGAY & MURRAY LLP**
Matthew M. Houston
Benjamin I. Sachs-Michaels
712 Fifth Avenue
New York, New York 10019
Telephone: (212) 935-7400
E-mail: bsachsmichaels@glancylaw.com

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

        Facsimile: (310) 210-9160
        E-mail: rprongay@glancylaw.com

        ***Counsel for Plaintiffs Terry White and Chris Perkins***

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), having conferred with counsel for Defendants, the undersigned certifies that Defendants agree the Actions should be consolidated.

*/s/ Scott D. Egleston*
Scott Egleston