UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHARON NIXON-CRENSHAW, Derivatively on behalf of DYCOM INDUSTRIES, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>STEPHEN C. COLEY, DWIGHT B. DUKE, EITAN GERTEL, ANDERS GUSTAFSSON, PATRICIA L. HIGGINS, STEVEN E. NIELSON, PETER T. PRUITT, JR., RICHARD K. SYKES, LAURIE J. THOMSEN, and CHARLES B. COE, <br><br>　　　　Defendants, <br><br>　　and <br><br>DYCOM INDUSTRIES, INC., <br><br>　　　　Nominal Defendant. | CASE NO. 18-25289-CIV-SINGHAL/GOODMAN |
| TERRY WHITE AND CHRIS PERKINS, Derivatively on behalf of DYCOM INDUSTRIES, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>STEVEN E. NIELSEN, H. ANDREW DEFERRARI, DWIGHT B. DUKE, EITAN GERTEL, ANDERS GUSTAFSSON, PATRICIA L. HIGGINS, RICHARD K. SYKES, LAURIE J. THOMSEN, CHARLES B. COE, and STEPHEN C. COLEY, <br><br>　　　　Defendants, <br><br>　　and <br><br>DYCOM INDUSTRIES, INC., <br><br>　　　　Nominal Defendant. | CASE NO. 20-21952-CIV-SINGHAL/GOODMAN |

## ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

**THIS CAUSE** is before the Court on Plaintiffs'[1] Unopposed Motion for Preliminary Approval of Derivative Settlement (DE [56]). Plaintiffs' counsel, Gregory M. Egleston, has filed a Declaration (DE [57]) and exhibits in support of the Motion. The two above-captioned cases have been consolidated ("the Actions"), and Case No. 18-25289-CIV-SINGHAL is the lead case.

Plaintiffs now move under Federal Rule of Civil Procedure 23.1[2] for an order: (i) preliminarily approving the settlement of the Derivative Matters, in accordance with a Stipulation of Settlement, dated May 21, 2021 (the "Stipulation" or "Settlement") (DE [57-1], at 2–48), which, together with the attached Exhibits, set forth the terms and conditions of a proposed Settlement and dismissal of the Actions with prejudice; and (ii) approving the dissemination of the Notice of Proposed Derivative Settlement (DE [57-1], at 50–68) and Summary Notice of Proposed Derivative Settlement (DE [57-1], at 70–73). For the reasons discussed below, the Court grants Plaintiffs' Unopposed Motion.

1. The Court finds, at this preliminary stage, that the Settlement falls within the range of possible approval for fairness, reasonableness, and adequacy such that Dycom Industries, Inc.'s ("Dycom" or "the Company") stockholders should be given notice of the Settlement. *See Manual for Complex Litigation* (Third) § 30.41, at 237 (1995).

---

[1] "Plaintiffs" refers to the Plaintiffs in Case No. 18-25289-CIV-SINGHAL. As used in this Order, all capitalized terms shall have the meanings as defined in the Stipulation (DE [57-1], at 2–48) or as defined in this Order.

[2] At the final settlement approval stage, the Court evaluates the fairness of a derivative action settlement under the same standard for class action settlements under Federal Rule of Civil Procedure 23(e). *See Sterling v. Stewart*, 158 F.3d 1199, 1203–04 (11th Cir. 1998) (approving district court's use of six-factor fairness test set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir.1984), to Rule 23.1 approval of settlement of derivative action).

2. The **Settlement Hearing** shall be held before this Court on **September 30, 2021, at 2:00 p.m.**, at 299 E. Broward Blvd., Courtroom 110, Fort Lauderdale, Florida 33301 (or via Zoom or telephonically, at the Court's discretion), to determine: whether the Settlement of the Derivative Matters on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to Dycom and its stockholders and should be approved by the Court; whether the District Court Approval Order and a Judgment as provided in ¶ 1.7 and ¶ 1.12 of the Stipulation should be entered herein; and whether to award attorneys' fees and expenses to Plaintiffs' Counsel.

3. The Court approves, as to form and content, the Notice of Proposed Derivative Settlement ("the Long-Form Notice") (DE [57-1], at Ex. A-1) and the Summary Notice of Proposed Derivative Settlement ("the Summary Notice") (DE [57-1], at Ex. A-2), and finds that the publication of the Long-Form Notice, Summary Notice, and Stipulation, substantially in the manner and form set forth as attached to Gregory Egleston's Declaration (DE [57-1], at Exs. A-1–2), meeting the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Not later than **ten (10) business days following entry of this Order**, Dycom shall: (a) cause a copy of the Long-Form Notice, substantially in the form attached to Egleston's Declaration (DE [57-1], at Ex. A-1), and the Stipulation (DE [57-1], at Ex. 1) to be filed with the U.S. Securities and Exchange Commission ("SEC") along with an SEC Form 8-K or other appropriate filing; (b) create a link to the SEC filing on the Company's "Investor Relations" page of http://ir.dycomind.com/investor-relations, the address of which shall be contained in the Long-Form Notice and Summary Notice; and (c) cause a copy of the Summary Notice, substantially in the form attached to Egleston's Declaration (DE [57-1], at Ex. A-2), to be published once in *Investor's Business Daily*.

5. All costs incurred in the filing, publishing, and posting of the Long-Form Notice and the Summary Notice shall be paid by Dycom, and Dycom shall undertake all administrative responsibility for such filing, publication, and posting.

6. Not later than **thirty-five (35) days before the Settlement Hearing**, Dycom's Counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, that it has complied with paragraph 4 above.

7. All Dycom stockholders of record as of the Approval Date shall be bound by all orders, determinations, and judgments of the Court in the Actions concerning the Settlement, whether favorable or unfavorable to Dycom stockholders.

8. Pending final determination by the Court of whether the Settlement should be approved, this Court preliminarily bars and enjoins Plaintiffs, all other stockholders, and the Company, on behalf of themselves, from commencing, instituting, filing, intervening in, participating in (as a nominal defendant or otherwise), receiving any benefit from, or prosecuting any of the Released Claims against any of the Released Persons. All proceedings and discovery in the Actions shall be stayed except as otherwise provided for in the Stipulation, and no party to the Actions or any Dycom stockholder shall file or prosecute any action or proceeding in any court or tribunal relating to the Settlement or asserting any of the Released Claims against the Released Persons.

9. At least **twenty-eight (28) calendar days before the Settlement Hearing**, all papers in support of the Settlement and the separately negotiated attorneys' fees and expenses shall be served and filed with the Court.

10. Any current Dycom stockholder may appear and show cause if he, she, or it has any reason why the terms of the Settlement of the Derivative Matters, including the negotiated amount of attorneys' fees and expenses, should not be approved as fair, reasonable, and adequate, or why the Court's Approval Order and Judgment should not

be entered thereon, provided, however, that, unless otherwise ordered by the Court, no current Dycom stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the Court's Approval Order and the Judgment to be entered thereon, unless that Person has, at least **twenty-one (21) calendar days before the Settlement Hearing**, filed with the Clerk of Court appropriate proof of Dycom stock ownership, along with written objections, including the basis therefor, and copies of any papers and briefs in support thereof. All written objections and supporting papers must be submitted to the Court either by mailing them to:

>Clerk of the Court
>United States District Court
>Southern District Of Florida
>299 East Broward Blvd., Courtroom 110
>Fort Lauderdale, Florida 33301

OR by filing them in person at any location of the United States District Court for the Southern District of Florida.

All written objections must also be mailed to:

Plaintiffs' Counsel:

Thomas J. McKenna
Gregory M. Egleston
Gainey McKenna & Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017

Defendants' Counsel:

Alan S. Goudiss
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022-6069

Any current Dycom stockholder who does not object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from

5

making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation and to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court, but shall otherwise be bound by the Court's Approval Order and the Judgment to be entered and the releases to be given.

11. Any attorney hired by a stockholder for the purpose of objecting to the Settlement must file a notice of appearance with the Clerk of Court no later than **twenty-one (21) calendar days before the Settlement Hearing**.

12. Plaintiffs' Counsel and Defendants' Counsel are directed to promptly furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession.

13. Any responses to the objections, and any replies in further support of the Settlement by current Dycom stockholders, shall be served and filed at least **seven (7) calendar days before the Settlement Hearing**.

14. Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence of the validity of any Released Claims or any fault, wrongdoing, or liability of the Released Persons or Dycom; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of any liability, fault, or omission of any of the Released Persons or Dycom in any civil, criminal, or administrative or other proceeding in any court, administrative agency, tribunal, or other forum. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the

terms of the Settlement, and except that the Released Persons may file or use the Stipulation, the Court's Approval Order and/or the Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Dycom stockholders and retains exclusive jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Dycom stockholders.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative Settlement (DE [56]) is **GRANTED** on the terms set forth above.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of July 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF