UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHARON NIXON-CRENSHAW, Derivatively on behalf of DYCOM INDUSTRIES, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>STEPHEN C. COLEY, DWIGHT B. DUKE, EITAN GERTEL, ANDERS GUSTAFSSON, PATRICIA L. HIGGINS, STEVEN E. NIELSON, PETER T. PRUITT, JR., RICHARD K. SYKES, LAURIE J. THOMSEN, and CHARLES B. COE,<br><br>  Defendants,<br><br>and<br><br>DYCOM INDUSTRIES, INC.,<br><br>  Nominal Defendant. | Case No. 18-25289-CIV-SINGHAL/GOODMAN |
| TERRY WHITE AND CHRIS PERKINS, Derivatively on behalf of DYCOM INDUSTRIES, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>STEVEN E. NIELSEN, H. ANDREW DEFERRARI, DWIGHT B. DUKE, EITAN GERTEL, ANDERS GUSTAFSSON, PATRICIA L. HIGGINS, RICHARD K. SYKES, LAURIE J. THOMSEN, CHARLES B. COE, and STEPHEN C. COLEY,<br><br>  Defendants,<br><br>and<br><br>DYCOM INDUSTRIES, INC.,<br><br>  Nominal Defendant. | Case No. 20-21952-CIV-SINGHAL/GOODMAN |

## ORDER APPROVING DERIVATIVE SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Final Approval of Derivative Settlement (DE [62]). Plaintiffs ask the Court to give final approval of the settlement ("Settlement") set forth in the Stipulation of Settlement, dated May 21, 2021 ("the Stipulation") (DE [44]). The Court held a settlement fairness hearing on September 30, 2021, and has considered all supporting documentation in the record. Of note, no objections to the settlement have been filed in this action, nor did any party appear at the hearing to object. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Unopposed Motion for Final Approval of Derivative Settlement (DE [62]) is **GRANTED** as follows:

1. This District Court Approval Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined therein).

2. This Court has jurisdiction over the subject matter of the above-captioned Actions, including all matters necessary to effectuate the Settlement, and over all parties to the Derivative Matters, including, but not limited to, the Plaintiffs, Dycom Industries, Inc. ("Dycom"), current Dycom stockholders, and the Settling Defendants.

3. The Court finds that the notice provided to Dycom stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process.

4. The Actions and all claims contained therein, as well as all of the Released Claims, are **DISMISSED WITH PREJUDICE**. As among Plaintiffs, Stockholders, the Settling Defendants, and Dycom, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally **APPROVES** the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, as defined in ¶ 7.1, the Stockholders (acting on their own behalf and derivatively on behalf of Dycom and its stockholders), all other stockholders of Dycom, and Dycom, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged and dismissed with prejudice each and every one of the Released Claims against the Released Persons.

7. Upon the Effective Date, as defined in ¶ 7.1, the Stockholders (acting on their own behalf and derivatively on behalf of Dycom and its stockholders), all other stockholders of Dycom, and Dycom, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims against any of the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, as defined in ¶ 7.1, each of the Released Persons, for good and sufficient consideration, the receipt and adequacy of which are

hereby acknowledged, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and all of the Stockholders and Stockholders' Counsel and all current Dycom stockholders (solely in their capacity as Dycom stockholders) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Matters or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. The Court hereby **APPROVES** the Fee and Expense Amount in accordance with the Stipulation and finds that such fee is fair and reasonable in light of the substantial benefit conferred upon Dycom by the Settlement.

10. Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence of the validity of any Released Claims, or of any fault, wrongdoing, or liability of the Released Persons or Dycom or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of any liability, fault, or omission of any of the Released Persons or Dycom in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum.  Neither the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation, the District Court Approval Order and/or the Judgment, in any action that may be brought against them to support a defense or counterclaim based on principles

of *res judicata*, collateral estoppel, full faith and credit, release, good-faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     During the course of the Derivative Matters, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar laws relating to the institution, prosecution, defense of, or settlement of the Derivative Matters.

12.     Without affecting the finality of this District Court Approval Order and the Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over the Actions and the parties to the Stipulation to enter any further orders as may be necessary to effectuate, implement, and enforce the Stipulation and the Settlement provided for therein and the provisions of this District Court Approval Order.

13.     This District Court Approval Order and the Final Judgment is a final and appealable resolution in the Actions as to all claims.  Final Judgment will be entered separately.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of September 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF